833 F.2d 310
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Isaiah Dwayne WILSON, Defendant-Appellant.
 No. 87-5060.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 9, 1987.
Decided Nov. 5, 1987.
 
 Brian Robert Loe for appellant.
 Michael R. Smythers (Henry E. Hudson, United States Attorney, Ellyn Marcus Lindsay, Special Assistant United States Attorney on brief) for appellee.
 Before HARRISON L. WINTER, Chief Judge, K.K. HALL, Circuit Judge, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Defendant Wilson was found guilty by a jury of armed bank robbery in violation of 18 U.S.C. Sec. 2113(a) and (d) and use of a firearm in the commission of a crime of violence in violation of 18 U.S.C. Sec. 924(c). From the judgments entered on the verdicts, he appeals. Wilson contends that the evidence was legally insufficient to identify him as one of the perpetrators of the crime, and that, in any event, he is entitled to a new trial because of the government's failure, in violation of F.R.Crim.P. 12.1, to give him complete information concerning the government's witnesses to rebut his alibi's defense. We see no merit in either contention, and we affirm.
 
 
 2
 The evidence that Wilson was one of the three individuals who robbed the bank was circumstantial, but it was, nevertheless, in our view legally sufficient to permit the jury to conclude beyond a reasonable doubt that Wilson was one of the bank robbers.
 
 
 3
 Wilson gave notice of his intention to offer a defense of alibi in compliance with F.R.Crim.P. 12.1(a), and disclosed the names and addresses of the witnesses upon whom he intended to rely to establish his alibi. It then became the duty of the government, under Rule 12.1(b), to disclose the names and addresses of the witnesses upon whom it intended to rely to establish Wilson's presence at the scene of the crime and any other witnesses to rebut the testimony of Wilson's alibi witnesses. While the government filed a written response setting forth the names and addresses of three witnesses, it asserts that defense counsel was told that the whereabouts of two of them, Kimberly Burkes and Cheryl Brown, were unclear and that the government was having difficulty locating them. However, both appeared at trial and both testified as part of the government's direct case. While each provided circumstantial evidence that Wilson was one of the bank robbers, neither provided direct evidence that he was present at the scene when the crime was committed. Brown did, however, testify in contradiction of alibi witness Denise Clark that Wilson had been with Clark the entire day of the robbery. Wilson was provided with Jencks Act material for both witnesses before he cross-examined them and this was, of course, before he presented any alibi evidence. He also was given the witness' grand jury testimony.
 
 
 4
 Wilson contends that in violation of the rule the government failed to give him correct addresses for either Burkes or Brown or their telephone number.* As a consequence he could interview neither before trial. He claims that he was prejudiced thereby and that he is entitled to a new trial.
 
 
 5
 We reject the argument for several reasons. First, Rule 12.1(b) does not require the disclosure of telephone numbers. Second, the argument does not apply to Burkes because her testimony did not rebut Wilson's alibi. Third and most importantly, Wilson knew the names of the witnesses and the contents of their testimony before he offered any evidence of alibi. The purpose of Rule 12.1(b) is to protect a defendant against unanticipated testimony concerning alibis so that he can decide whether to present alibi evidence. The purpose was served when Burkes and Brown testified in the government's direct case and Wilson had discovery materials for use in cross-examination. Any technical noncompliance with Rule 12.1(b) was harmless and not prejudicial error.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The government informally provided a telephone for Brown but warned Wilson's lawyer that she might not answer at that number